**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE ALLEN, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 08-B-0752-W |
| | } | |
| METROPOLITAN LIFE | } | |
| INSURANCE COMPANY, | } | |
| | } | |
| Defendant. | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on plaintiff's Motion to Compel and defendant's Motion for Protective Order.  (Docs. 12 & 13.)[1]  Plaintiff seeks to depose defendant's claim adjuster, arguing that such a deposition is reasonably calculated to lead to the discovery of admissible evidence and is relevant to Met Life's conflict of interest in paying insurance claims.  (Doc. 12, p. 2-3.)

I.      **Discussion**

Defendant Met Life cites two reasons for the court to deny plaintiff's request: (1) it exceeds the limited scope of discovery permitted under ERISA's arbitrary and capricious standard of review; and (2) plaintiff has failed to describe any topics for deposition. (Doc. 13.)  As to the second point, an email from plaintiff's counsel clearly limits the

---

[1]      Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

scope of the deposition: "The scope of the examination shall be Ms. Allen's disability claim file, claim approval and claim denial." (Doc. 13, Ex. A.) The first point requires further elucidation.

The Eleventh Circuit uses a well-defined series of steps to review the denial of an ERISA benefit claim. *Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1246 (11th Cir. 2008). Initially, a court applies a de novo standard to determine if the claim administrator's decision to deny benefits was wrong. *Doyle v. Liberty Life Assurance*, 542 F.3d 1352, 1356 (11th Cir. 2008). If the administrator's decision was de novo wrong, and the plan gave the administrator discretion in reviewing claims, the court reviews the decision under a more deferential "arbitrary and capricious" standard. *Id.* Under either review, the court is limited to the record before the administrator at the time the decision was made. *See Glazer*, 524 F.3d at 1246. Conversely, in the limited circumstance that the administrator had no discretion, the court may look beyond the administrative record. *See Kirwan v. Marriott Corp.*, 10 F.3d 784, 789 (11th Cir. 1994).

Here, the plan appears to have given the administrator discretion when reviewing a benefits claim. (Doc. 3, ¶ 26.) The court's review will accordingly be limited to the record before the administrator at the time of the denial of benefits, and the requested depositions are beyond that scope.

This conclusion is not altered by plaintiff's claim that the proposed deposition is relevant to the administrator's conflict of interest. (Doc. 12, p. 2-3.) A conflict of

2

interest exists where the plan administrator determines eligibility for benefits and pays those benefits out of its own assets. *See, e.g., Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1326 (11th Cir. 2001). Prior to the Supreme Court's ruling in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008), courts would apply a "heightened arbitrary and capricious" standard when an administrator operated under a conflict of interest. *See, e.g., Levinson*, 245 F.3d at 1326. The Eleventh Circuit has recently eliminated the "heightened arbitrary and capricious" standard of review. *See Doyle v. Liberty Life Assurance Co.*, 542 F.3d 1352, 1360 (11th Cir. 2008)(holding that *Glenn* implicitly overrules the heightened arbitrary and capricious standard of review formerly used in this circuit). Currently, "the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Id*. Even post-*Glenn*, where the conflict of interest is to be weighed among a number of factors, the court's review is limited to the administrative record. *See, e.g., Scippio v. Florida Combined Life Ins. Co.*, 2008 WL 4849038 (N.D. Fla. 2008)(applying *Glenn* combination of factors test, reviewing administrative record, and finding conflict of interest tainted decision to deny benefits); *see also, e.g., McDaniel v. Hartford Life & Accident Ins. Co.*, 2008 WL 4426087 (M.D. Ga. 2008)(applying *Glenn* combination of factors test, reviewing the administrative record, and finding conflict of interest was not a major factor).

For her part, plaintiff states that the Eleventh Circuit's decision in *Torres v. Pittson Co.*, 346 F.3d 1324 (11th Cir. 2003), permits discovery of information relating to the administrative appeal in an ERISA action. However, a review of *Torres* reveals that the only issue definitively resolved was "the appropriate standard for a district court's review where an ERISA fiduciary, which is operating under a conflict of interest, denies disability benefits based on its determination of the factual circumstances of the beneficiary's claim." *Id*. at 1325-26.

Plaintiff also relies upon the denial of a motion for protective order in *Murphy v. Unum Life Ins. Co. of America*, where the court permitted the deposition of a claims adjuster. Order, No. 03-S-1441-NE (N.D. Ala. Apr. 14, 2004). In contrast to the present case, the court in *Murphy* reviewed the appropriateness of such a deposition in the context of a "heightened arbitrary and capricious" standard of review. *Id*. at 1-2 & n. 4. That standard is now defunct, and courts in this circuit have applied the new combination of factors test without reverting to evidence outside the administrative record. *See, e.g., Scippio*, 2008 WL 4849038; *see also, e.g., McDaniel*, 2008 WL 4426087. This court accordingly declines to follow *Murphy*.

4

## II.     Conclusion

This court's review is limited to the administrative record, and plaintiff is not

entitled to depose the claims adjustor.  Plaintiff's Motion to Compel, (doc. 12), is due to

be denied, and defendant's Motion for Protective Order, (doc. 13), is due to be granted.

An order conforming with this Memorandum Opinion will be entered contemporaneously

herewith.

**DONE** this the 6th day of March, 2009.


*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

5